IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-CV-00921-WYD-BNB

WILLIAM ERICK FENGER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____

**ORDER**
_____

THIS MATTER comes before the Court upon the United States' Response to Order to Show Cause ("Response"), filed June 27, 2005, wherein the Government responds to this Court's May 26, 2005 Order to Show Cause, and sets forth reasons why seized property, Asset Id. No. 05-DEA-449274, should not be returned to Petitioner.[1] In their Response, the Government outlines the civil administrative and judicial forfeiture procedures found at 18 U.S.C. § 983 and explains how the United States has complied with all statutory requirements for administrative forfeiture. Specifically, the Government states it has complied with 18 U.S.C. § 983(a)(iv) by timely[2] sending notice to Petitioner Fenger and counsel on April 22, 2005 that the

---

[1] Petitioner filed a Verified Petition and Claim on May 20, 2005 asserting the property at issue, $12,465.00 in U.S. currency, which was seized on April 1, 2005 in Sterling, Colorado, should be returned to the Petitioner because he is the sole owner of the property being claimed and because "there is no nexus between the charged offense and the assets seized."

[2] Pursuant to 18 U.S.C. § 983(a)(iv), DEA had ninety (90) days from the original seizure of property, until June 1, 2005, to send Notice to Fenger.

property at issue was seized by the Colorado State Patrol on March 2, 2005 and turned over to the DEA for the initiation of administrative forfeiture proceedings. The Government further states that it complied with 18 U.S.C. § 983(a)(3); after Fenger filed its "Verified Petition for Remission or Mitigation" and "Verified Petition and Claim" on May 20, 2005, the DEA halted the administrative forfeiture proceedings and promptly referred the matter to the United States Attorney's Office for the District of Colorado for consideration of possible judicial forfeiture. As a consequence of this action, Government states "it has ninety (90) days, until August 18, 2005, within which either to file a judicial Verified Complaint for Forfeiture or to decline the forfeiture and direct the funds be returned." The Government further states that in addition to filing petitions with the DEA, Petitioner erroneously filed the identical Verified Petition and Claim with this Court, asking that the property be returned.[3]

Upon my review of the Government's Response and of pertinent law, I find that the Order to Show Cause should be discharged. I also find that Petitioner's counsel should respond to Government's assertions that the Government has complied with all statutory requirements and that Petitioner has no authority to proceed at this time. Accordingly, it is

ORDERED that the Order to Show Cause issued May 26, 2005 is hereby **DISCHARGED**. It is

FURTHER ORDERED that on or before **Tuesday, August 2, 2005**, Petitioner

---

[3]Government asserts that by filing "triplicate petitions simultaneously with DEA and this Court in May, claimant William Fenger has jumped the gun and attempted to proceed . . . prematurely and without authority." Resp. at 6.

shall file a supplemental briefing explaining why this Court should act given the

Government's apparent compliance with 18 U.S.C. § 983.

     Dated: July 18, 2005

                                          BY THE COURT:

                                          s/ Wiley Y. Daniel
                                          Wiley Y. Daniel
                                          U. S. District Judge